# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **CASE NO. 26-cr-10125-01-JWB**

**SHANE A. L. LEDFORD,**

**Defendant.**

# SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**CONSPIRACY TO DISTRIBUTE A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 846]**

Beginning on or about a date unknown, 2025, and continuing through on or about April 15, 2026, in the District of Kansas, and elsewhere, the defendant,

**SHANE A. L. LEDFORD,**

knowingly and intentionally combined, conspired, confederated and agreed with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States, that is, distribute, and possess with intent to distribute, a mixture and substance containing a detectable amount of methamphetamine, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

With respect to defendant SHANE A.L. LEDFORD, his conduct as a member of the conspiracy charged in this Count, includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, and involved 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

In violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

## COUNT 2

**POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 841(a)]**

On or about May 17, 2024, in the District of Kansas, the defendant,

**SHANE A. L. LEDFORD,**

knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT 3

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)]**

Beginning on a date unknown and continuing until May 21, 2024, in the District of Kansas, the defendant,

**SHANE A. L. LEDFORD,**

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, in and affecting interstate commerce, including,

1. a Smith & Wesson, model M&P-15, 5.56 caliber semi-automatic rifle; and
2. a Del-Ton, DTI-15, 5.56 caliber semi-automatic rifle;

said firearms having been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g) and 924(a)(8).

## COUNT 4

**POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 841(a)]**

On or about April 15, 2026, in the District of Kansas, the defendant,

**SHANE A. L. LEDFORD,**

knowingly and intentionally possessed with intent to distribute 50 grams and more of methamphetamine (actual), a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

## COUNT 5

**MAINTAINING DRUG-INVOLVED PREMISES**
**[21 U.S.C. § 856(a)(1)]**

Beginning on a date unknown, and continuing through on or about April 15, 2026, in the District of Kansas, the defendant,

**SHANE A. LEDFORD,**

unlawfully and knowingly used a place, located at 858 S. Martinson, Wichita, Kansas, permanently and temporarily, for the purpose of distributing methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Section 856(a)(1).

## COUNT 6

**DISTRIBUTE A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 841(a)]**

On or about July 1, 2026, in the District of Kansas, the defendant,

**SHANE A. L. LEDFORD,**

knowingly and intentionally distributed five (5) grams and more of methamphetamine (actual), a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT 7

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)]**

Beginning on a date unknown and continuing until April 15, 2026, in the District of Kansas, the defendant,

**SHANE A. L. LEDFORD,**

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, in and affecting interstate commerce, including,

1. a Bersa SA, model BP9cc, 9x19 caliber pistol;
2. a Glock Inc., model 26 (Gen 5), 9x19 caliber pistol; and
3. a Diamondback Firearms, model FS Nine, 9x19 caliber pistol;

said firearms having been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g) and 924(a)(8).

## FORFEITURE NOTICE

1. The allegations contained in Counts 1 through 7 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

2. Upon conviction of one or more of the offenses set forth in Counts 1 through 7 of this Superseding Indictment, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section

2461(c), any firearms or ammunition involved in the commission of the offenses, including, but not limited to:

a. a Bersa SA, model BP9cc, 9x19 caliber pistol;

b. a Glock Inc., model 26 (Gen 5), 9x19 caliber pistol;

c. a Diamondback Firearms, model FS Nine, 9x19 caliber pistol;

d. a Smith & Wesson, model M&P-15, 5.56 caliber semi-automatic rifle;

e. a Del-Ton, DTI-15, 5.56 caliber semi-automatic rifle; and

f. ammunition.

All pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

3. Upon conviction of one or more of the offenses set forth in Counts 1, 2, 4 through 6, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offenses and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses, including but not limited to:

a. a Bersa SA, model BP9cc, 9x19 caliber pistol;

b. a Glock Inc., model 26 (Gen 5), 9x19 caliber pistol;

c. a Diamondback Firearms, model FS Nine, 9x19 caliber pistol;

d. a Smith & Wesson, model M&P-15, 5.56 caliber semi-automatic rifle;

e. a Del-Ton, DTI-15, 5.56 caliber semi-automatic rifle;

f. ammunition; and

g. approximately $4,009.00 in U.S. currency seized from the defendant.

A TRUE BILL.

October 6, 2026
DATE

s/Foreperson
FOREPERSON OF THE GRAND JURY

RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By: /s/ Debra L. Barnett
DEBRA L. BARNETT
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas 67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: debra.barnett@usdoj.gov
Ks. S. Ct. No. 12729

IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

# PENALTIES

## Count 1: 21 U.S.C. §§ 846

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life. 21 U.S.C. § 841(b)(1)(A).
- A term of supervised release of at least five (5) years. 21 U.S.C. § 841(b)(1)(A).
- A fine not to exceed $10,000,000.00 million. 21 U.S.C. § 841(b)(1)(A).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life. 21 U.S.C. § 841(b)(1)(A).
- A term of supervised release of at least ten (10) years. 21 U.S.C. § 841(b)(1)(A).
- A fine not to exceed $20,000,000.00 million. 21 U.S.C. § 841(b)(1)(A).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

## Count 2: 21 U.S.C. §§ 841(a)(1), (b)(1)(C)

- Punishable by a term of imprisonment of not more than 20 years. 21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of at least three (3) years. 21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $1 million. 21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such a violation after a prior conviction for a felony drug offense has become final, the penalties are:

- A term of imprisonment of not more than 30 years. 21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of at least six (6) years. 21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $2 million. 21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

**Count 3, 7: Felon in Possession of a Firearm**

- Punishable by a term of imprisonment of not more than fifteen (15) years. 18 U.S.C. § 924(a)(8).
- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Count 4: 21 U.S.C. §§ 841(a)(1), (b)(1)(A)**

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life. 21 U.S.C. § 841(b)(1)(A).
- A term of supervised release of at least five (5) years. 21 U.S.C. § 841(b)(1)(A).
- A fine not to exceed $10,000,000.00 million. 21 U.S.C. § 841(b)(1)(A).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life. 21 U.S.C. § 841(b)(1)(A).
- A term of supervised release of at least ten (10) years. 21 U.S.C. § 841(b)(1)(A).
- A fine not to exceed $20,000,000.00 million. 21 U.S.C. § 841(b)(1)(A).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Count 5: 21 U.S.C. § 856**

- Punishable by a term of imprisonment of not more than twenty (20) years. 21 U.S.C. § 856(b).
- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(1).
- A fine not to exceed $500,000. 21 U.S.C. § 856(b).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Count 6: 21 U.S.C. § 841(a)(1) & (b)(1)(B)**

- Punishable by a term of imprisonment of not less than five (5) years and no more than forty (40) years. 21 U.S.C. § 841(b)(1)(B).
- A term of supervised release of at least four (4) years. 21 U.S.C. § 841(b)(1)(B).
- A fine not to exceed $5 million. 21 U.S.C. § 841(b)(1)(B).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than ten (10) years and no more than life. 21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least eight (8) years. 21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $8 million. 21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.